## RUSSELL *v.* KENNINGTON.

1. A petition for certiorari, sanctioned on September 23, 1924, and not filed until October 15, 1924, was subject to dismissal on motion.
2. The act of August 18, 1924 (Ga. L. 1924, p. 59), being a law affecting procedure, was applicable to pending cases, and was not invalid as a retroactive law.
3. That act was effective from the date of its approval.
4. The failure of the judge to attach to his signature words indicating his official character did not render his judgment void.

No. 4755.   JUNE 10, 1925.

Certiorari. Before Judge Malcolm D. Jones. Bibb superior court. December 19, 1924.

*E. F. Goodrum,* for plaintiff in error.   *D. W. McCoy,* contra.

BECK, P. J.   Suit was brought, returnable to the June term, 1924, of the municipal court of Macon, by Kennington against Russell. A judgment was rendered for the plaintiff. A motion for new trial was overruled. The losing party filed a petition for certiorari, and the same was sanctioned on September 23, 1924, and filed with the clerk of the superior court on October 15, 1924. Motion was made by the defendant in certiorari to dismiss the certiorari, because not filed in time. This was sustained, and to the judgment on the motion to dismiss this writ of error was sued out.

1. The motion was properly sustained. In an act approved August 18, 1924, being entitled "An act to repeal section 4365 of the Civil Code of 1910," etc. (Ga. L. 1924, p. 59), it is declared that "Section 4365 of the Civil Code of 1910, which reads as follows, to wit: 'All writs of certiorari shall be allowed within three months after the rendition of the judgment sought to be reversed,' is hereby repealed," and that said section shall read as follows, to wit: "All certiorari proceedings shall be filed in the clerk's office within ten days from the date of their sanction, except certiorari proceedings from the Court of Appeals." The provision that all certiorari proceedings shall be filed in the clerk's office

within ten days from the date of their sanction, contained in the act quoted, is controlling in this case; and the petitioner for certiorari having failed to file the certiorari proceedings within the time prescribed in the act, a motion to dismiss the proceedings was well taken and properly sustained.

2. The fact that the original case was pending when the act of the legislature was passed did not prevent the application of the law to the certiorari proceedings; and the holding that the act is applicable to cases pending at the time of the passage thereof does not render it unconstitutional on the ground that such a construction would bring the act in conflict with the provision in the State constitution prohibiting the passage of retroactive laws, as the act under consideration is one affecting procedure.

3. "Where an act has been passed by both branches of the legislature and approved by the Governor, its publication is complete," and it takes effect from that date.

4. In the bill of exceptions it is recited that, "on the 19th day of December, 1924, the Honorable Malcolm D. Jones, Judge, then and there presiding, there came on to be heard the motion of J. T. Kennington to dismiss the petition for certiorari of Andrew Russell. . . After argument by counsel, the court entered the following order, sustaining the motion and dismissing the petition for certiorari:" Following this is the judgment of the court dismissing the certiorari. Then follows this recital: "To the order of the court, dismissing the petition for certiorari, the respondent (the petitioner for certiorari) then and there excepted and now excepts, and assigns the same as error, and says further that said order is a nullity in law, since the name of "Malcolm D. Jones" signed thereto is not shown to be the official act of a judge of the Bibb superior court, but appears only as the personal signature and the unofficial signature of the said Hon. Malcolm D. Jones, who is one of the judges of Bibb superior court." The failure of the judge to attach words indicative of his official character did not render that judgment void. All the recitals in the bill of exceptions show that he was acting in his official capacity, and that the action of the judge was the action of the court. There is no merit in the contention last set forth.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent for providential cause.*